UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY and SHONTA WHEELER,
a married couple,

       Plaintiffs,

v.

LONG BEACH MORTGAGE COMPANY,
JP MORGAN CHASE, WASHINGTON
MUTUAL, and DEUTSCHE BANK
NATIONAL TRUST COMPANY, as
trustee for LONG BEACH
MORTGAGE TRUST 2006-09,
jointly and severally,

       Defendants.

Case No. 14-cv-14056
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

---

**OPINION AND ORDER GRANTING DEFENDANTS JPMORGAN CHASE, N.A.
AND DEUTSCHEBANK'S MOTION TO DISMISS [6]**

---

Corey and Shonta Wheeler seek relief following the foreclosure and sheriff's sale of their Belleville, Michigan home. Defendants filed their Motion to Dismiss in December 2014. (Dkt. 6.) Four months have passed and Plaintiffs have neither responded nor requested any extension of time to do so. Thus, the motion is unopposed. *See* E.D. Mich. LR 7.1(c)(1). The Court has examined the Complaint and Defendants' Motion to Dismiss and finds that oral argument would not significantly aid the decisional process, *see* E.D. Mich. LR 7.1(f)(2). The Court is convinced by some, but not all, of the arguments presented in the briefing. For the reasons set forth below, the Court GRANTS the unopposed Motion to Dismiss.

**I.  LEGAL STANDARD**

The Federal Rules of Civil Procedure require that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

plaintiff "must allege 'enough facts to state a claim of relief that is plausible on its face.'" *Traverse Bay Area Int. Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility means that "the complaint has to 'plead[] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged.'" *Ohio Police & Fire Pension Fund v. Std. & Poor's Fin. Servs., LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "This standard does not require detailed factual allegations, but a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) (citation and internal quotation marks omitted).

The court must "accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to plaintiffs." *Bennet v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). The court "need not, however, accept unwarranted factual inferences." *Id.* (citing *Twombly*, 550 U.S. at 570). Nor are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiffs Corey and Shonta Wheeler are a married couple. (Dkt. 1-2, Compl., at ¶ 1.) Around August 7, 2006, they entered into a mortgage with Defendant Long Beach Mortgage Company ("LBMC") to secure their loan for a purchase of property located at 44712 Greenbriar Drive, Unit 93, Belleville, Michigan in Wayne County ("Property"). (*Id.* at ¶¶ 6, 7.) Defendants

attached a copy of the Mortgage to their Motion to Dismiss. (Dkt. 6-2, Mortgage.) In 2006, Plaintiffs refinanced. (Compl. at ¶ 12.) Plaintiffs allege that they received a higher interest rate due to "predator lending practices" targeting minority consumers. (*Id.* at ¶ 13.)

Defendant Washington Mutual Bank later acquired LBMC and Defendant JPMorgan Chase Bank, N.A. ("Chase") eventually acquired Washington Mutual. (Compl. at ¶ 8.) On September 6, 2012, the Mortgage was assigned to Defendant DeutscheBank as Trustee for Long Beach Mortgage Loan Trust 2006-9. (Dkt. 6-3, Assignment.) Plaintiffs defaulted and DeutscheBank initiated foreclosure proceedings. (*Id.* at ¶ 16.) Defendants attached the Sheriff's Deed to their Motion. (Dkt. 6-4, Sheriff's Deed.) The Deed shows that DeutscheBank purchased the Property for $273,408.63 at a Sheriff's Sale on March 27, 2014. (*Id.*) Plaintiffs have not redeemed the property.

On September 26, 2014, Plaintiffs filed this lawsuit in Michigan state court. (Compl.) The Complaint alleges four counts: Wrongful Foreclosure, Breach of Contract, Fraudulent Misrepresentation, and Steering. (*Id.*) The Complaint names as Defendants LBMC, JPMorgan Chase, Washington Mutual, and DeutscheBank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-9. (*Id.*) Defendants Chase, "individually and in its capacity as acquirer of certain assets and liabilities of Washington Mutual," and DeutscheBank removed the Complaint to this Court on October 21, 2014.[1] (Dkt. 1.) These Defendants filed their Motion to Dismiss on December 8, 2014. (Dkt. 6.) Plaintiffs have not responded. (*See* Dkt.)

## III. ANALYSIS

The fact that Plaintiffs have failed to respond to the Motion to Dismiss means that the Court could simply grant the motion as unopposed. *Bazinski v. JPMorgan Chase Bank, N.A.*, No.

---

[1] The Court will issue a contemporaneous Order to Show Cause regarding the status of named Defendant LBMC.

13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned." (citing cases)); *see also Jones v. Nationstar Mortgage LLC*, No. 14-11642, 2014 WL 5307168, at *4 (E.D. Mich. Oct. 16, 2014); *Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 957 (E.D. Mich. 2009). Nonetheless, the Court has reviewed Defendants' brief and is satisfied that their Motion to Dismiss should be granted for the reasons that follow.

### A. Standing

The Court is not convinced by Defendants' assertion that Plaintiffs lack standing to challenge the foreclosure because the statutory redemption period has expired. (Mot. at 5–6.) It is true that Michigan Compiled Laws § 600.3204 provides the mortgagor six months in which to redeem a foreclosed property, and that once this period expires, "the mortgagor's right, title, and interest in and to the property are extinguished." *Conlin v. Mortgage Elec. Registration Sys.*, 714 F.3d 355, 359 (6th Cir. 2013). It is also true that "Michigan courts have 'drastically circumscribed' judicial review of foreclosures in the interest of 'impos[ing] order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties[.]'" *Ross v. Fed. Nat. Mortgage Ass'n*, No. 13-12656, 2014 WL 3597633, at *4 (E.D. Mich. July 22, 2014) (citing *Conlin*, 714 F.3d at 359)).

But as the Sixth Circuit has explained, the expiration of the statutory redemption period does not mean that prospective plaintiffs lose standing to challenge foreclosure proceedings. *See Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 497 (6th Cir. 2014); *see also Langley v. Chase Home Finance, LLC*, No. 10–604, 2011 U.S. Dist. LEXIS 32845, at *2 n. 2, 2011 WL 1130926 (W.D. Mich. Mar. 28, 2011) ("Plaintiffs in such cases are the last lawful owner and possessor of the property. . . . they often remain in continuing possession of the

property . . . . [and] claim a continuing right to lawful ownership and possession based on defects in the process used by Defendants to divest them of those rights. This certainly seems to satisfy the basic Article III requirement of 'injury in fact,' as well as any prudential considerations tied to a 'zone of interests' analysis."). Rather, once the statutory redemption period expires, plaintiff must demonstrate "a strong case of fraud or irregularity, or some peculiar exigency . . . . relate[d] to the foreclosure procedure itself" in order to set the foreclosure aside. *Ross*, 2014 WL 3597633 at \*4 (citations omitted). This substantive requirement does not implicate standing issues. *Id.*

While Plaintiffs have standing to challenge the foreclosure of the Property, their claims cannot withstand a Motion to Dismiss. *See Elschieck*, 566 F. App'x at 496.

## B. Count I – Wrongful Foreclosure

Plaintiffs first allege that Defendants failed to follow the requirements of Michigan Compiled Laws § 600.3201 during the foreclosure process; specifically, they say that Defendants' calculation of the amount due on the mortgage was erroneous. (Compl. at ¶ 27.)

As noted above, "once the statutory redemption period lapses, [courts] can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Conlin*, 714 F.3d at 359 (quoting *Schulthies v. Baron*, 167 N.W.2d 784, 785 (Mich. 1969)). And "not just any type of fraud will suffice. Rather, the mortgagor's claim of fraud must relate to the sheriff's sale itself, not to underlying equities, if any, bearing on the instrument . . . ." *Bernard v. Fed. Nat. Mortgage Ass'n*, 587 F. App'x 266, 269 (6th Cir. 2014). Even then, a court will only set aside the foreclosure if plaintiffs can establish prejudice stemming from the fraud or irregularity. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). *Kim* "made clear that failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e.,

5

*void ab initio*) but merely voidable." *Conlin*, 714 F.3d at 361 (citing *Kim*, 825 N.W.2d at 337). "To demonstrate such prejudice, [plaintiffs] must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 825 N.W.2d at 337; *see also Diem v. Sallie Mae Home Loans, Inc.*, 859 N.W.2d 238, 242 (Mich. Ct. App. 2014) (noting that plaintiffs must allege "a causal relationship between the alleged fraud or irregularity and the alleged prejudice").

The Court agrees with Defendants that the Complaint does not show that Plaintiffs were harmed by the alleged miscalculation in the amount due on the mortgage. For example, "[n]othing in the pleadings indicates that [they were] qualified for a modification of the mortgage or to redeem the property," and Plaintiffs do "not claim that [they were] misled regarding whether a sheriff's sale would occur" due to the erroneous calculation. *Diem*, 859 N.W.2d at 243. And Plaintiffs do not dispute that they received notice of the impending foreclosure. (Compl. at ¶ 23.) The facts pled about the miscalculation do not plausibly demonstrate a clear showing of fraud or irregularity resulting in prejudice to Plaintiffs.

Plaintiffs also say that their attempts to request a loan modification were rebuffed (Compl. at ¶ 24). But the Court again agrees with Defendants that the Complaint does not explain how the denial of a loan modification prejudiced Plaintiffs' ability to redeem the Property after the foreclosure sale occurred. It is also worth noting that loan-modification negotiations may not constitute "fraud or irregularity in 'the legal measures' of the foreclosure process" itself so as to warrant setting the foreclosure aside. *Ross*, 2014 WL 3597633 at *5 (citing cases).

Count I will be dismissed as to the moving Defendants.

### C.  Count II – Breach of Contract

Plaintiffs allege that Defendants breached terms of the Note and Mortgage, which "constitute[d] a contract between the Plaintiffs and Defendants." (Compl. at ¶ 29.) Specifically, they claim that Defendants "breached the implied covenant of good faith and fair dealing in the contract with Plaintiffs[.]" (*Id.* at ¶ 31.)

Defendants argue that Michigan does not recognize an independent claim for breach of the implied covenant of good faith and fair dealing, citing *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 279–80 (Mich. Ct. App. 2003). As another court in this District has commented, "a more precise and accurate statement of the law is that Michigan does not recognize an independent tort action for breach of a contract's implied covenant of good faith and fair dealing." *Bd. of Trustees of City of Birmingham Employees' Ret. Sys. v. Comerica Bank*, 767 F. Supp. 2d 793, 805 (E.D. Mich. 2011) (citing cases). However, "Michigan recognizes that an enforceable implied covenant of good faith and fair dealing arises when one party to a contract makes its performance a matter of its own discretion [and] [a] breach of the duty is a breach of the contract, not a tort." *Id.* But Plaintiffs do not allege how Defendants made their performance a matter of their own discretion so as to give rise to the protections of an implied covenant of good faith and fair dealing. To this extent, Plaintiffs fail to state a claim.

To otherwise state a claim for breach of contract, Plaintiffs must allege facts to show (1) the existence of a contract; (2) the terms of the contract; (3) that Defendants breached the contract; and (4) that the breach caused them injury. *Webster v. Edward D. Jones & Co., LP*, 197 F.3d 815, 819 (6th Cir. 1999). The Complaint does not specify the terms of the mortgage contract Defendants breached. And Plaintiffs' vague allegations of misrepresentations and disingenuous negotiations do not readily correspond to any term of the mortgage.

7

Count II will be dismissed as to the moving Defendants.

**D. Count III – Fraudulent Misrepresentation**

Plaintiffs allege that Defendants made false representations to them in order to "induce the Plaintiffs to refrain from defending the Foreclosure . . . ." (Compl. at ¶ 35.) As Defendants point out in their brief, claims of fraud are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b), which requires that a plaintiff "state with particularity the circumstances constituting fraud." The Sixth Circuit "interpret[s] Rule 9(b) as requiring plaintiffs to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). Similarly, "[t]he elements constituting actionable fraud or misrepresentation are well-settled in Michigan." *Hi-Way Motor Co. v. International Harvester Co.*, 247 N.W.2d 813, 815 (Mich. 1976).

> The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Id.*; *accord Cummins v. Robinson Twp.*, 770 N.W.2d 421, 435 (Mich. Ct. App. 2009).

Here, Plaintiffs do not identify the content of the allegedly fraudulent statements, when they occurred, who made them, or where they were made. Their conclusory allegations do not suffice under Rule 9(b).

Count III will be dismissed as to the moving Defendants.

**E. Count IV – Steering**

In Count IV, Plaintiffs allege that "[t]he Defendants allowed mortgage brokers and its employees to place a loan applicant in a subprime loan when the Plaintiffs applied were qualified

8

for a prime loan." (Compl. at ¶ 40.)  Plaintiffs caption Count IV as a claim for "Steering" without citing any federal or Michigan statute. (*See* Compl. at ¶¶ 38–41.) The legal basis of this claim is unclear to the Court. But no matter its legal basis, the Court agrees with Defendants that Chase, Washington Mutual, and DeutscheBank are not the proper defendants to the claim. According to the Complaint, Plaintiffs entered into the loan at issue with LBMC. (*Id.* at ¶ 6.) Claims arising from the creation of the loan do not lie against assignees of the originating lender. *See Warner v. Fed. Home Loan Mortgage Corp.*, No. 12-15185, 2013 WL 1281932, at *5 (E.D. Mich. Mar. 26, 2013) (citing *Stacey v. Vista Mortgage Corp.*, No. 10–13769, 2011 WL 6650598, at *3 (E.D. Mich. Dec. 21, 2011)).

Count IV will be dismissed as to the moving Defendants.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Dkt. 6) is GRANTED. The Complaint is DISMISSED as to Defendants Chase, Washington Mutual, and DeutscheBank.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  April 13, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 13, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

9